UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICO MENEFEE,

       Plaintiff,

v.                                                         Case No. 2:06-CV-12922

J. PRAMSTALLER et. al.,

       Defendants.
_____/

**OPINION & ORDER SUMMARILY DISMISSING
PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

      This matter is before the court on Plaintiff Rico Menefee's *pro se* civil rights complaint filed on July 3, 2006. On the same day, Plaintiff filed an "Application to Proceed Without Prepayment of Fees and Costs and Authorization to Withdraw Funds From Trust Fund Account." For the reasons stated below, the court will summarily dismiss Plaintiff's complaint with prejudice.

      Plaintiff is a Michigan state prisoner who is currently confined at Lakeland Correctional Facility in Coldwater, Michigan. Plaintiff claims that he is not being provided with proper medical care. Upon review of the pleadings, the court finds that Plaintiff has filed three prior civil rights complaints. These three prior civil rights complaints were dismissed as frivolous or for failure to state a claim upon which relief may be granted. See *Menefee v. U.P.S.*, No. 05-CV-74892 (E.D. Mich. February 16, 2006) (Zatkoff, J.); *Menefee v. Wayne County Jail Food Department*, No. 01-CV-73884

(E.D. Mich. September 10, 2002) (Friedman, J.); *Menefee v. Hall*, No. 01-CV-70924 (E.D. Mich. March 26, 2001) (O'Meara, J.).

Under the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), the court may dismiss a case if, on three or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted.  28 U.S.C. § 1915(g) (1996).[1]

However, despite having had three civil actions dismissed as frivolous or for failing to state a claim upon which relief can be granted, Plaintiff could still maintain a civil action if the Plaintiff is "under imminent danger of serious physical injury." *Id*.  To establish that his complaint falls within the statutory exception to the "three strikes rule," Plaintiff had to allege that he was under imminent danger at the time that he filed his complaint and requested to proceed *in forma pauperis*.  *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury);

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this subsection if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

*Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception).

In the pending case, Plaintiff fails to allege that he is under imminent danger of future harm.  Rather, Plaintiff complains that his medical needs are not being met regarding his dental care, allergies, podiatry issues, skin discoloration, lack of access to his eye glasses, etc.  Therefore, his complaint is subject to dismissal under the "three strikes" provision of 28 U.S.C. § 1915(g).  Accordingly,

IT IS ORDERED that Plaintiff's civil rights complaint [Dkt. #1] is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's "Application to Proceed Without Prepayment of Fees and Costs" [Dkt. #2] is DENIED AS MOOT.  IT IS FURTHER ORDERED that should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within 30 days.  Upon receipt of the filing fee, the court will re-open the case and review the complaint to determine whether it should be served or should be summarily dismissed under 28 U.S.C. § 1915A(b).

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\06-12922.MENEFEE.SummaryDismissal.wpd